GOODWIN, Senior Circuit Judge,
specially concurring:
A strict adherence to 28 U.S.C. § 2254 (AEDPA) compels me to conclude that the California courts did not unreasonably apply clearly established Supreme Court law in following Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) instead of Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). The two scholarly opinions written by my colleagues in this persistent appeal demonstrate that the present law on the validity of two-stage custodial interrogation is far from “clearly established.”
In 1966, as a state appellate judge, I learned from the United States Supreme Court that voluntary confessions obtained by police interrogation could no longer be used by state prosecutors unless the confession survived Miranda scrutiny. For the next 46 years, as a state and federal judge, reading trial records and judicial opinions about “voluntary” confessions obtained by custodial interrogations, I learned how law- enforcement behavior evolves and that even the Supreme Court can change its position on interrogation strategy.
The “GVR” that brings this panel back to Mr. Thompson’s two-stage confession requires us to re-examine the confession without reference to Supreme Court law that emerged after Thompson’s state-court review had ended in the California Court of Appeal, and after the state Supreme Court had denied further review, but before the time for a cert petition expired. During that interval, the United States Supreme Court may have modified its own views on delayed warnings in custodial interrogation, or it may not have done so. Who knows?
I concur in Judge Ikuta’s opinion, and commend Judge Berzon for pointing out the procedural confusion caused by the various briefing positions taken by the state.